OPINION
{¶ 1} DEFENDANT-APPELLANT, FARMERS INSURANCE OF COLUMBUS, INC., APPEALS FROM A JUDGMENT OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT IN THIS ACTION BROUGHT BY PLAINTIFF-APPELLEE, DIANA K. NEAL, SEEKING UNINSURED MOTORIST BENEFITS UNDER THE PARTIES' AUTOMOBILE INSURANCE CONTRACT.
{¶ 2} IN MAY 2000, APPELLEE WAS TRAVELING WEST ON INTERSTATE 70 IN COLUMBUS, WHEN ANOTHER VEHICLE IMPACTED THE REAR OF HER VEHICLE, CAUSING HER TO SPIN OUT OF CONTROL AND RESULTING IN EXTENSIVE INJURY TO APPELLEE AND DAMAGE TO HER CAR. NO SECOND VEHICLE STOPPED AT THE SCENE, AND APPELLEE CLAIMED THAT THE ACCIDENT HAD BEEN CAUSED BY ANOTHER VEHICLE STRIKING THE REAR PORTION OF HER CAR AND DRIVING ON PAST HER AS SHE WAS SPINNING OUT OF CONTROL. SHE SOUGHT COVERAGE UNDER THE UNINSURED MOTORIST CLAUSE IN HER INSURANCE CONTRACT, WHICH PROVIDES:
PART II UNINSURED MOTORIST
COVERAGE C UNINSURED MOTORIST COVERAGE
(INCLUDING UNDERINSURED MOTORIST COVERAGE)
WE WILL PAY ALL SUMS WHICH AN INSURED PERSON IS LEGALLY ENTITLED TO RECOVER AS DAMAGES FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE BECAUSE OF BODILY INJURY SUSTAINED BY THE INSURED PERSON. THE BODILY INJURY MUST BE CAUSED BY ACCIDENT AND ARISE OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF THE UNINSURED MOTOR VEHICLE.
* * *
3. UNINSURED MOTOR VEHICLE MEANS A MOTOR VEHICLE WHICH IS:
* * *
C) A HIT-AND-RUN VEHICLE WHOSE OPERATOR OR OWNER HAS NOT BEEN IDENTIFIED AND WHICH STRIKES:
(1) YOU OR ANY FAMILY MEMBER.
(2) A VEHICLE WHICH YOU OR A FAMILY MEMBER ARE OCCUPYING.
(3) YOUR INSURED CAR.
{¶ 3} R.C. 3937.18(D)(2) ADDRESSES UNINSURED MOTORIST CLAIMS IN WHICH THE PROXIMATE CAUSE OF THE ACCIDENT IS ALLEGED TO BE AN UNKNOWN, HIT-AND-RUN, OR "PHANTOM" MOTORIST, AND PROVIDES, IN PART:
(D) FOR THE PURPOSE OF THIS SECTION, A MOTOR VEHICLE SHALL BE DEEMED UNINSURED IN EITHER OF THE FOLLOWING CIRCUMSTANCES:
* * *
(2) THE IDENTITY OF THE OWNER AND OPERATOR OF THE MOTOR VEHICLE CANNOT BE DETERMINED, BUT INDEPENDENT CORROBORATIVE EVIDENCE EXISTS TO PROVE THAT THE BODILY INJURY, SICKNESS, DISEASE, OR DEATH OF THE INSURED WAS PROXIMATELY CAUSED BY THE NEGLIGENCE OR INTENTIONAL ACTIONS OF THE UNIDENTIFIED OPERATOR OF THE MOTOR VEHICLE. FOR PURPOSES OF THIS DIVISION, THE TESTIMONY OF ANY INSURED SEEKING RECOVERY FROM THE INSURER SHALL NOT CONSTITUTE INDEPENDENT CORROBORATIVE EVIDENCE, UNLESS THE TESTIMONY IS SUPPORTED BY ADDITIONAL EVIDENCE.
{¶ 4} APPELLANT DENIED APPELLEE'S CLAIM BASED UPON ITS POSITION THAT APPELLEE FAILED TO PRODUCE SUFFICIENT INDEPENDENT CORROBORATIVE EVIDENCE SUPPORTING HER STATEMENT THAT THE ACCIDENT WAS PROXIMATELY CAUSED BY A VEHICLE STRIKING HER VEHICLE FROM THE REAR.
{¶ 5} IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT, APPELLEE INTRODUCED THE DEPOSITION OF AN ACCIDENT RECONSTRUCTION EXPERT, LAWRENCE DuBOIS, WHO REVIEWED THE ACCIDENT REPORT, PHOTOS TAKEN BY APPELLEE OF THE CAR AND OTHER EVIDENCE, AND OPINED THAT APPELLEE'S EXPLANATION WAS, MORE LIKELY THAN NOT, AN ACCURATE ACCOUNT OF THE ACCIDENT. IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT, THE TRIAL COURT CONSIDERED "WHETHER THE EXPERT TESTIMONY OF MR. DuBOIS IS SUFFICIENT INDEPENDENT CORROBORATIVE EVIDENCE TO PROVE THAT THE BODILY INJURY OF THE INSURED, PLAINTIFF NEAL, WAS PROXIMATELY CAUSED BY THE NEGLIGENCE OR INTENTIONAL ACTIONS OF THE UNIDENTIFIED OPERATOR OF THE TRUCK," AND CONCLUDED:
* * * OHIO CASE LAW PERMITS A CLAIM FOR UNINSURED MOTORIST COVERAGE BASED UPON THE NEGLIGENCE OF AN UNIDENTIFIED OPERATOR OF A MOTOR VEHICLE WHEN THE EXISTENCE OF THE OTHER DRIVER IS CORROBORATED BY EITHER PHYSICAL CONTACT BETWEEN THE VEHICLES OR BY INDEPENDENT, THIRD-PARTY TESTIMONY. * * * CORROBORATING EVIDENCE IS EVIDENCE THAT SUPPLEMENTS EVIDENCE THAT HAS ALREADY BEEN GIVEN AND WHICH TENDS TO STRENGTHEN OR CONFIRM IT. IT IS ADDITIONAL EVIDENCE, OF A DIFFERENT CHARACTER, TO THE SAME POINT. * * * OHIO CASE LAW ONLY REQUIRES CORROBORATING EVIDENCE, NOT EYEWITNESS TESTIMONY OR EVIDENCE IN ORDER FOR A CLAIM TO GO FORWARD.
{¶ 6} APPELLANT NOW ASSIGNS ONE ERROR:
THE TRIAL COURT ERRED IN DENYING APPELLANT FARMERS INSURANCE OF COLUMBUS, INC.'S MOTION FOR SUMMARY JUDGMENT.
{¶ 7} APPELLATE REVIEW OF SUMMARY JUDGMENT MOTIONS IS DE NOVO. HELTON V. SCIOTO CTY. BD. OF COMMRS. (1997), 123 OHIO APP.3d 158, 162. "WHEN REVIEWING A TRIAL COURT'S RULING ON SUMMARY JUDGMENT, THE COURT OF APPEALS CONDUCTS AN INDEPENDENT REVIEW OF THE RECORD AND STANDS IN THE SHOES OF THE TRIAL COURT." MERGENTHAL V. STAR BANC CORP. (1997), 122 OHIO APP.3d 100, 103. CIV.R. 56(C) PROVIDES THAT SUMMARY JUDGMENT MAY BE GRANTED WHEN THE MOVING PARTY DEMONSTRATES THAT: (1) THERE IS NO GENUINE ISSUE OF MATERIAL FACT; (2) THE MOVING PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW; AND (3) REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION AND THAT CONCLUSION IS ADVERSE TO THE PARTY AGAINST WHOM THE MOTION FOR SUMMARY JUDGMENT IS MADE. STATE EX REL. GRADY V. STATE EMP. RELATIONS BD. (1997), 78 OHIO St.3d 181, 183.
{¶ 8} WHEN A MOTION FOR SUMMARY JUDGMENT HAS BEEN SUPPORTED BY PROPER EVIDENCE, A NON-MOVING PARTY MAY NOT REST ON THE MERE ALLEGATIONS OF HIS PLEADING, BUT HIS RESPONSE, BY AFFIDAVIT OR AS OTHERWISE PROVIDED IN CIV.R. 56, MUST SET FORTH SPECIFIC FACTS SHOWING THAT THERE IS A GENUINE TRIABLE ISSUE. CIV.R. 56(E); JACKSON V. ALERT FIRE SAFETY EQUIP., INC. (1991), 58 OHIO St.3d 48, 52. TO ESTABLISH THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT, THE NON-MOVING PARTY MUST DO MORE THAN SIMPLY RESIST THE ALLEGATIONS IN THE MOTION. RATHER, THAT PARTY MUST AFFIRMATIVELY SET FORTH FACTS WHICH ENTITLE HIM TO RELIEF. WING V. ANCHOR MEDIA, LTD. OF TEXAS (1991), 59 OHIO St.3d 108, 111. IF THE NON-MOVING PARTY "DOES NOT SO RESPOND, SUMMARY JUDGMENT, IF APPROPRIATE, SHALL BE ENTERED AGAINST THE PARTY." CIV.R. 56(E).
{¶ 9} IN DECIDING THIS CASE, WE ARE GOVERNED BY BOTH FORMER R.C. 3937.18(D)(2) AND BY GIRGIS V. STATE FARM MUT. AUTO. INS. CO. (1996), 75 OHIO St.3d 302, WHEREIN THE COURT HELD, AT THE SYLLABUS:
1. R.C. 3937.18 AND PUBLIC POLICY PRECLUDE CONTRACT PROVISIONS IN INSURANCE POLICIES FROM REQUIRING PHYSICAL CONTACT AS AN ABSOLUTE PREREQUISITE TO RECOVERY UNDER THE UNINSURED MOTORIST COVERAGE PROVISION.
2. THE TEST TO BE APPLIED IN CASES WHERE AN UNIDENTIFIED DRIVER'S NEGLIGENCE CAUSES INJURY IS THE CORROBORATIVE EVIDENCE TEST, WHICH ALLOWS THE CLAIM TO GO FORWARD IF THERE IS INDEPENDENT THIRD-PARTY TESTIMONY THAT THE NEGLIGENCE OF AN UNIDENTIFIED VEHICLE WAS A PROXIMATE CAUSE OF THE ACCIDENT. * * *
{¶ 10} THE ISSUE RAISED BY THESE FACTS REQUIRES US TO CONSIDER WHAT DEGREE OF CERTAINTY REGARDING PROXIMATE CAUSE MUST BE PRESENT IN AN EXPERT'S ASSESSMENT OF THE ACCIDENT IN ORDER TO CONSTITUTE INDEPENDENT CORROBORATIVE EVIDENCE, THUS NEGATING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
* * * CORROBORATING EVIDENCE IS EVIDENCE WHICH SUPPLEMENTS EVIDENCE THAT HAS ALREADY BEEN GIVEN AND WHICH TENDS TO STRENGTHEN OR CONFIRM IT. IT IS ADDITIONAL EVIDENCE, OF A DIFFERENT CHARACTER, TO THE SAME POINT. SEE STATE V. ECONOMO (1996), 76 OHIO St.3d 56, * * *. IT SHOULD BE NOTED THAT GIRGIS ONLY REQUIRES CORROBORATING EVIDENCE, NOT EYEWITNESS TESTIMONY OR EVIDENCE IN ORDER FOR A CLAIM TO GO FORWARD.
ENGLAND V. GRANGE MUT. INS. CO. (DEC. 23, 1997), FRANKLIN APP. NO. 97APE07-894. TO FURTHER NARROW THE ISSUE AT HAND, THE PRECISE QUESTION BEFORE US IS WHETHER, UNDER THESE FACTS, A NON-MOVING PARTY SEEKING TO SURVIVE SUMMARY JUDGMENT MUST PRODUCE INDEPENDENT CORROBORATIVE EVIDENCE PROVING PROXIMATE CAUSE, OR WHETHER, IN SATISFYING THE REQUIREMENTS OF R.C. 3937.18(D)(2), GIRGIS, AND OTHER CASE LAW, THE NON-MOVING PARTY PRESENTS A GENUINE ISSUE OF MATERIAL FACT BY SIMPLY PRESENTING EVIDENCE WHICH STRENGTHENS OR CONFIRMS THE CLAIMANT'S ACCOUNT OF THE ACCIDENT.
{¶ 11} THIS COURT HAS ADDRESSED A SIMILAR QUESTION ON TWO PRIOR OCCASIONS. IN MUNCY V. AM. SELECT INS. CO. (1998), 129 OHIO APP.3d 1, A POLICE OFFICER WAS KILLED WHEN HE LOST CONTROL OF HIS CRUISER. A MOTORIST WHO WITNESSED PART OF THE ACCIDENT, BUT DID NOT ACTUALLY SEE WHAT CAUSED THE OFFICER TO LOSE CONTROL OF THE VEHICLE, TESTIFIED THAT HE SAW A WOODEN PALLET IN THE ROAD AND SPECULATED THAT HITTING THE PALLET WAS WHAT CAUSED THE OFFICER TO LOSE CONTROL. THIS COURT HELD THAT THIS TESTIMONY DID NOT ANSWER THE PROXIMATE CAUSE QUESTION; HOWEVER, THE COURT ALSO FOUND THAT EXPERT TESTIMONY BY A POLICE ACCIDENT RECONSTRUCTION EXPERT WAS SUFFICIENT TO RAISE A GENUINE ISSUE OF FACT REGARDING PROXIMATE CAUSE, AT 7-8:
* * * IN HIS MEMORANDUM, [THE EXPERT] STATED THAT BASED ON HIS FIRSTHAND OBSERVATION OF THE ACCIDENT SCENE AND THE PHYSICAL EVIDENCE FROM IT, DECEDENT "WAS ALERT PRIOR TO THE IMPACT WITH THE BRIDGE WALL, MOVING LEFT TO AVOID THE WOOD DEBRIS." * * * FURTHERMORE, [HE] STATED THAT THE PHYSICAL EVIDENCE AT THE SCENE INDICATED THAT THE CRUISER'S LEFT FRONT TIRE STRUCK THE CURB AFTER DECEDENT "MOVED LEFT TO AVOID THE WOODEN DEBRIS ON THE ROADWAY." * * * FINALLY, [HE] EXPLAINED THAT THE PHYSICAL EVIDENCE INDICATED THAT DECEDENT'S SPEED PRIOR TO THE ACCIDENT WAS "WELL WITHIN THE AREA OF GOOD JUDGMENT AND DID NOT APPEAR TO BE EXCESSIVE." WHEN THAT EVIDENCE IS CONSTRUED IN PLAINTIFF'S FAVOR, IT REDUCES THE POSSIBILITY THAT DECEDENT WAS ALREADY OUT OF CONTROL PRIOR TO REACHING THE WOOD PALLET IN THE ROADWAY. WHEN ALL OF THE EVIDENCE IS CONSTRUED IN PLAINTIFF'S FAVOR FOR PURPOSES OF SUMMARY JUDGMENT, THE INDEPENDENT, THIRD-PARTY EVIDENCE UNDER GIRGIS CREATES A GENUINE ISSUE OF MATERIAL FACT WHETHER THE WOOD PALLET ON FISHER ROAD WAS THE PROXIMATE CAUSE OF DECEDENT'S FATAL ACCIDENT. * * *
{¶ 12} OF NOTE IN MUNCY IS THE FACT THAT THE EXPERT DID NOT EXPRESSLY TESTIFY THAT THE PROXIMATE CAUSE OF THE ACCIDENT WAS THE VEHICLE HAVING HIT THE WOODEN PALLET. RATHER, THE COURT FOUND THAT SUFFICIENT EVIDENCE WAS PRESENTED TO RAISE A GENUINE ISSUE OF MATERIAL FACT AS TO WHAT CAUSED THE ACCIDENT.
{¶ 13} IN ENGLAND, THE PLAINTIFF ARGUED HIS ACCIDENT WAS CAUSED WHEN HE SWERVED TO AVOID A BLACK PICKUP TRUCK WHICH DROVE LEFT OF CENTER. TO CORROBORATE THIS STORY, A NEARBY RESIDENT TESTIFIED THAT HE HAD SEEN A BLACK PICKUP TRUCK SPEED BY, THAT HE HAD HEARD METAL SCRAPING AND THEN TWO LOUD BANGS, AND THAT, AS HE APPROACHED PLAINTIFF'S VEHICLE, HE AGAIN OBSERVED THE BLACK PICKUP TRUCK DRIVE BY, TURN AROUND AND SPEED OFF. THE INSURER ARGUED THAT THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THERE WAS NO INDEPENDENT, THIRD-PARTY TESTIMONY TO CORROBORATE THE PLAINTIFF'S ALLEGATION THAT THE PICKUP TRUCK WAS LEFT OF CENTER BECAUSE WHEN THE NEIGHBOR OBSERVED THE BLACK PICKUP TRUCK IT WAS DRIVING ON THE PROPER SIDE OF THE ROAD. THIS COURT REJECTED THE INSURANCE COMPANY'S ARGUMENT ON THE BASIS THAT THE NEIGHBOR'S TESTIMONY WAS SUFFICIENT TO CORROBORATE THE PLAINTIFF'S STORY, STATING THAT: "IT SHOULD BE NOTED THAT GIRGIS ONLY REQUIRES CORROBORATING EVIDENCE, NOT EYEWITNESS TESTIMONY OR EVIDENCE IN ORDER FOR A CLAIM TO GO FORWARD." THIS COURT FURTHER STATED THAT THE NEIGHBOR'S TESTIMONY "TENDS TO STRENGTHEN OR CONFIRM [PLAINTIFF'S] CLAIMS THAT HE WAS HIT BY SOMEONE WHO CANNOT BE IDENTIFIED AND, THUS, CONSTITUTES THE TYPE OF CORROBORATING EVIDENCE NECESSARY AS SET FORTH IN GIRGIS AS IT CORROBORATES THE EXISTENCE OF ANOTHER VEHICLE." IN ADDITION, WE STATED:
* * * THE FACT THAT [THE NEIGHBOR] DID NOT OBSERVE THE ACTUAL CONTACT BETWEEN THE TWO VEHICLES DOES NOT NEGATE HIS CORROBORATING TESTIMONY BECAUSE THE EVIDENCE SHOWS THAT HE HEARD THE CONTACT BETWEEN TWO VEHICLES AND HE SAW THE CONDITION OF THE PICKUP BOTH BEFORE AND AFTER HE HEARD A CRASH. THE REASONABLE INFERENCE BETWEEN WHAT [THE NEIGHBOR] HEARD AND WHAT HE SAW IS THAT THE PICKUP WAS INVOLVED IN AN ACCIDENT. * * *
{¶ 14} IN THE CASE AT BAR, THE DEPOSITION OF APPELLEE'S EXPERT CONTAINED THE FOLLOWING COLLOQUY:
Q. SO THIS ACCIDENT ACCORDING TO YOU COULD HAVE HAPPENED TWO WAYS. ONE, HER VEHICLE IS TRAVELING AT A GREATER SPEED THAN THE TRUCK AND THE FRONT OF THE — FRONT RIGHT CORNER OF THE TRUCK IMPACTS WITH THE LEFT REAR CORNER OF HER VEHICLE BY MOVING INTO HER LANE?
A. RIGHT.
Q. OR SHE'S ON THE RIGHT, SAME SITUATION, SHE'S PASSING AND THE LEFT REAR OF HER CAR STRIKES THE RIGHT FRONT OF THE TRUCK BY HER MOVING INTO THE TRUCK'S LANE?
A. CORRECT. BUT IF YOU TAKE IT THE NEXT STEP FURTHER, HER VEHICLE SOMEHOW ENDS UP HITTING THE CONCRETE MEDIAN WALL TO THE LEFT OF BOTH VEHICLES. AND, TO ME, THE ONLY WAY THAT SHE CAN GET OVER AND HIT THE CONCRETE MEDIAN WALL AND NOT BE LITERALLY RUN OVER BY THE TRUCK WOULD BE [FOR] THE TRUCK TO HAVE MOVED FROM THE LEFT LANE TO THE RIGHT LANE GIVING HER ROOM TO ESCAPE BEING RUN OVER BY THE TRUCK.
Q. THE SAME THING HAPPENS THOUGH WHEN SHE'S PASSING THE TRUCK. SHE'S PASSING ON THE RIGHT AND MOVING INTO HIS LANE. SHE'S GOING AT A FASTER RATE OF SPEED, CORRECT?
A. RIGHT.
Q. SO IT'S THE SAME SCENARIO WITH THE TRUCK ON THE LEFT WITH THE CAR ON THE RIGHT. THE ONLY [DIFFERENCE] IS WHO CAUSES THE BUMP, CORRECT?
A. NO. IT'S NOT THE SAME. IF YOU PICTURE TWO — PROBABLY TWO LANES OF TRAFFIC WESTBOUND WITH A CONCRETE BARRIER IMMEDIATELY TO THE LEFT OF THE LEFT LANE, IF SHE — TAKING YOUR SECOND SCENARIO, IF SHE IS IN THE RIGHT LANE AND DECIDES TO CHANGE LANES INTO THE LEFT LANE WHERE THERE'S ALREADY A TRUCK AND SHE HITS THIS TRUCK AS SHE'S MAKING THIS MOVE TO THE LEFT AND SPINS OUT, SHE'S GOING TO SPIN OUT IN FRONT OF THE TRUCK.
THE TRUCK CAN'T GET BY HER WITHOUT RUNNING OVER HER BECAUSE SHE'S GOT NOWHERE TO GO TO THE LEFT. SHE'S GOT THE CONCRETE MEDIAN IMMEDIATELY TO THE LEFT OF THE LEFT LANE. THE TRUCK IS OCCUPYING THE LEFT LANE. SHE CAN'T ESCAPE BEING HIT BY THE TRUCK AGAIN. THE.
ONLY WAY FOR THIS ACCIDENT TO HAPPEN IS FOR THE TRUCK TO BE MOVING FROM THE LEFT LANE INTO THE RIGHT LANE GIVING HER ROOM TO HIT THE CONCRETE MEDIAN AND THEN SEE THE TRUCK GO BY IN THE RIGHT LANE.
* * *
Q. ARE YOU SAYING IT COULDN'T HAVE HAPPENED WHERE SHE MOVED INTO THE TRUCK'S — MOVED LEFT AND STRUCK THE RIGHT FRONT OF THE TRUCK?
A. THAT'S WHAT I'M SAYING.
Q. AND THE REASON YOU'RE SAYING THAT IS BECAUSE YOU'RE ASSUMING THE TRUCK CONTINUED TO MOVE ALL THE WAY TO THE RIGHT INTO THE RIGHT LANE TO PASS HER. IS THAT — BECAUSE YOU'RE SAYING THE TRUCK WOULD HAVE RUN HER OVER IF IT DIDN'T MOVE ALL THE WAY TO THE RIGHT?
A. CORRECT.
Q. BUT HOW IS THAT ANY DIFFERENT IF SHE STRIKES THE FRONT RIGHT CORNER OF THE TRUCK AND BECAUSE OF THAT IMPACT — SHE MOVED INTO HIS LANE OF TRAVEL, BUMPS THE FRONT END OF THE TRUCK, DOES THE SAME SPINNING AND THE TRUCK THEN WENT AROUND TO THE RIGHT? HOW IS THAT — YOU CAN'T EXCLUDE THAT FROM HAPPENING, CORRECT?
* * *
A. THAT SEEMS VERY UNLIKELY, HIGHLY IMPROBABLE FOR A BASIC RUN. THE TIME AND DISTANCE REQUIRED FOR A TRACTOR TRAILER TO MAKE A LANE CHANGE IS SIGNIFICANT. I HAD ANOTHER ACCIDENT WHERE I DID A STUDY OF THE — JUST BY OBSERVING DOZENS OF [TRACTOR] TRAILERS AND DETERMINED WHAT THE AVERAGE TIME TO MAKE A LANE CHANGE WAS, AND IT WAS ABOUT 13 TO 14 SECONDS.
UNDER YOUR SCENARIO YOU JUST PRESENTED HERE, THE DRIVER OF THE TRACTOR TRAILER WOULD HAVE TO REALIZE WHAT HAS HAPPENED. HE WOULD HAVE TO, IN OTHER WORDS, DETECT THAT HE HAS BEEN STRUCK BY A CAR ON HIS RIGHT FRONT CORNER, WHICH IS ESSENTIALLY A BLIND SPOT TO HIM, AND THEN HE WOULD HAVE TO DECIDE HE WAS GOING TO CHANGE LANES. THEN HE WOULD HAVE TO STEER TO THE RIGHT TO MAKE THAT EFFECTIVE LANE CHANGE.
THAT DOESN'T ALL HAPPEN INSTANTLY. IT TAKES A LOT OF TIME, AND IT'S LIMITED BY THE PHYSICS OF WHAT A TRACTOR TRAILER CAN DO IN TERMS OF CHANGING LANES.
* * *
Q. YOU'RE MAKING ALL THESE ASSUMPTIONS WITHOUT KNOWING THE SPEEDS OF VEHICLES. THE SPEED OF THE TRUCK WOULD DETERMINE WHETHER OR NOT THE TRUCK CAN MAKE A MANEUVER AND MOVE TO THE LEFT WITHOUT STRIKING HER VEHICLE?
A. THAT'S CORRECT. MY ASSUMPTION ASSUMES SHE IS GOING FASTER THAN THE TRUCK. BUT HOW FAST SHE'S GOING AND HOW FAST THE TRUCK IS GOING, I DON'T KNOW.
* * *
Q. AND IF I'M STATING — CORRECT ME IF I'M WRONG. YOUR OPINION IS THAT THIS ACCIDENT MORE PROBABLY OCCURRED BY MS. NEAL TRAVELING IN THE RIGHT LANE AT APPROXIMATELY 55 MILES PER HOUR GOING FASTER THAN THIS PHANTOM TRUCK AND THAT THE TRUCK'S FRONT RIGHT END IMPACTED WITH THE LEFT REAR OF MS. NEAL'S CAR, AND YOU'RE SAYING IT HAPPENED IN HER LANE OF TRAVEL?
A. YES.
Q. AND IN YOUR OPINION, THAT'S THE MORE PROBABLE SCENARIO OF HOW THIS ACCIDENT OCCURRED?
A. YES.
Q. BUT, AGAIN, YOU ARE NOT SAYING THAT IT COULD HAVE OCCURRED OTHER WAYS?
* * *
A. I CAN'T RULE OUT EVERY OTHER SCENARIO WITH CERTAINTY. THERE'S ALWAYS ROOM FOR A POSSIBILITY OF ANOTHER SCENARIO OCCURRING.
(DEPO. AT 28-34.)
{¶ 15} ALTHOUGH APPELLEE'S EXPERT DID NOT SPECIFICALLY STATE WITH 100 PERCENT CERTAINTY THAT THE PROXIMATE CAUSE OF THE ACCIDENT WAS A TRUCK MOVING INTO APPELLEE'S LANE AND STRIKING THE REAR OF HER VEHICLE, HE DID TESTIFY THAT THIS WAS THE "ONLY WAY FOR THIS ACCIDENT TO HAPPEN," AND THAT THE SCENARIO IN WHICH APPELLEE MOVED INTO THE TRUCK'S LANE OF TRAVEL WAS "VERY UNLIKELY, HIGHLY IMPROBABLE" BECAUSE, HAD THAT OCCURRED, THE TRUCK WOULD HAVE HAD TO MAKE A RAPID LANE CHANGE IN ORDER TO AVOID RUNNING OVER APPELLEE'S CAR, WHICH WOULD HAVE BEEN SPINNING OUT OF CONTROL IN FRONT OF THE TRUCK, AND THAT THE TRUCK WOULD NOT HAVE BEEN ABLE TO DO SO BECAUSE OF THE INABILITY OF A TRACTOR-TRAILER TRUCK TO MAKE RAPID LANE CHANGES. (DEPO. AT 31.) WE ALSO NOTE THAT A PICTURE OF APPELLEE'S CAR, FOLLOWING THE ACCIDENT, SHOWED A DENT ON THE REAR SIDE PANEL OF THE VEHICLE. APPELLEE'S EXPERT TESTIFIED IN HIS DEPOSITION THAT THE HEIGHT OF THIS DENT WAS CONSISTENT WITH THE BUMPER OF A SEMI-TRUCK HITTING THE CAR AT THIS LOCATION. THIS PHYSICAL EVIDENCE FURTHER CORROBORATES APPELLEE'S DESCRIPTION OF THE ACCIDENT AND CREATES AN ISSUE OF FACT REGARDING PROXIMATE CAUSATION.
{¶ 15} BASED UPON THIS DEPOSITION TESTIMONY, WE FIND THAT APPELLEE PRESENTED INDEPENDENT CORROBORATIVE EVIDENCE WHICH TENDED TO STRENGTHEN OR CONFIRM HER ACCOUNT OF THE ACCIDENT, AND, THUS, THE TRIAL COURT PROPERLY FOUND THAT SHE HAD RAISED A GENUINE ISSUE OF MATERIAL FACT SO AS TO SURVIVE APPELLANT'S MOTION FOR SUMMARY JUDGMENT. WHETHER THIS INDEPENDENT CORROBORATIVE EVIDENCE PROVES THAT THE ACCIDENT WAS PROXIMATELY CAUSED BY THE OPERATOR OF THE "PHANTOM" TRUCK, INVOLVING AS IT DOES QUESTIONS OF WEIGHT AND CREDIBILITY, IS A QUESTION OF FACT FOR THE TRIER OF FACT. WE THEREFORE OVERRULE APPELLANT'S ASSIGNMENT OF ERROR AND AFFIRM THE JUDGMENT OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS.
JUDGMENT AFFIRMED.
KLATT AND DESHLER, JJ., CONCUR.
DESHLER, J., RETIRED OF THE TENTH APPELLATE DISTRICT, ASSIGNED TO ACTIVE DUTY UNDER AUTHORITY OF SECTION 6(C), ARTICLE IV, OHIO CONSTITUTION.